UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BERMAN,<br><br>                Petitioner,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                Respondents. | Case No.: 2:21-cv-01359-APG-BNW<br><br>**Order Denying Motion to Grant Writ<br>and<br>Motion for Appointment of Counsel,<br>and<br>Granting Motion for Extension of Time**<br><br>[ECF Nos. 37, 41, 42] |

      In this habeas corpus action, the respondents filed a motion to dismiss on February 24, 2022 (ECF No. 35), and the pro se petitioner, Robert Berman, is scheduled to respond to that motion by April 25, 2022 (*see* ECF No. 8).

      On March 7, 2022, Berman filed a motion (ECF No. 37) requesting that Respondents' motion to dismiss be stricken and that his petition be granted, as sanctions for Respondents' counsel allegedly misrepresenting her caseload in motions for extension of time. Respondents filed an opposition to that motion on March 21, 2022 (ECF No. 38), and Berman replied on April 4, 2022 (ECF No. 40). I find that Berman has not shown that Respondents' counsel made any material misrepresentations in her motions for extension of time, and, at any rate, striking the motion to dismiss and granting the writ of habeas corpus would be inappropriate sanctions for the misconduct alleged. I will deny Berman's motion.

      On April 11, 2022, Berman filed a Motion for Appointment of Counsel (ECF No. 41). This is the first time Berman has filed such a motion; he did not move for appointment of counsel when he initiated this action on July 19, 2021 (*see* ECF No. 1). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances

of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. I find that appointment of counsel is not warranted. The issues raised in the motion to dismiss, and this case in general, are relatively uncomplicated. Berman has demonstrated that he is able to litigate this action for himself. I will deny the motion for appointment of counsel.

On April 20, 2022, Berman filed a motion for extension of time (ECF No. 42), requesting a 60-day extension of time to respond to the motion to dismiss. That would extend the time for the response to June 24, 2022. Berman states that this extension of time is necessary because of the time it is taking him to access law library materials and prepare his response. I find that Berman's request for this extension of time is made in good faith and not solely for the purpose of delay, and that there is good cause for this extension. I will grant the 60-day extension of time Berman requests. However, Berman is cautioned that *I will not look favorably upon any motion to further extend this deadline.*

///
///
///
///
///
///
///

2

**I THEREFORE ORDER** that Petitioner's motion to grant writ **(ECF No. 37) is DENIED**.

**I FURTHER ORDER** that Petitioner's Motion for Appointment of Counsel **(ECF No. 41) is DENIED**.

**I FURTHER ORDER** that Petitioner's Motion for Enlargement of Time **(ECF No. 42) is GRANTED**. Petitioner will have until and including **June 24, 2022**, to respond to the motion to dismiss (ECF No. 35). In all other respects the schedule set forth in the order entered August 16, 2021 (ECF No. 8) will remain in effect.

Dated: April 20, 2022

_____
U.S. District Judge Andrew P. Gordon