UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BERMAN,<br><br>    Petitioner,<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>    Respondents. | Case No.: 2:21-cv-01359-APG-BNW<br><br>**Order Denying<br>Respondents' Motion to Dismiss<br>and<br>Petitioner's Motion for Stay**<br><br>[ECF Nos. 35, 52] |

**I.   Summary**

   This action is a pro se petition for writ of habeas corpus by Robert Berman, an individual incarcerated at Nevada's High Desert State Prison.  The Respondents move to dismiss, arguing that certain of Berman's claims are unexhausted in state court or are procedurally defaulted, and that certain of Berman's claims are not cognizable in this federal habeas corpus action.  Berman, in turn, has moved that this action be stayed while he returns to state court to exhaust unexhausted claims.  I deny both motions and set a schedule for the Respondents to file an answer.

**II.   Background**

   On July 31, 2017, after a jury trial, Berman was convicted in Nevada's Eighth Judicial District Court (Clark County) of one count of prohibited acts by a sex offender, in violation of Nev. Rev. Stat. § 179D.441, for failing to timely notify authorities of his change of address, and he was sentenced to 19 to 48 months in prison for that offense. ECF Nos. 27-34 (amended information); 29-5 (jury verdict); 30-12 (judgment of conviction); 31-15 (Nevada Court of Appeals' Order of Affirmance).  He was sentenced to 19 to 48 months in prison. ECF No. 30-12.

Berman did not file a notice of appeal to initiate a direct appeal.  He did, however, file a pro se petition for writ of habeas corpus in the state district court, arguing that his trial counsel had failed to initiate an appeal on his behalf. ECF No. 30-15.  The court held an evidentiary hearing and ruled that Berman's trial counsel was ineffective for not taking steps to initiate an appeal. ECF No. 30-30.  The court appointed appellate counsel and granted Berman an opportunity to pursue a direct appeal, and Berman then did so with the assistance of counsel. ECF No. 31-7 (opening brief on appeal).  The Nevada Court of Appeals affirmed Berman's conviction on July 17, 2019. ECF No. 31-15.

Berman then filed, in the state district court, a motion to correct an illegal sentence. ECF No. 31-21.  The court denied that motion and denied Berman's motion for reconsideration. ECF Nos. 32-7, 32-8.  Berman did not appeal from those rulings.

On March 26, 2020, Berman filed, in the state district court, a second petition for writ of habeas corpus. ECF No. 32-9.  The court denied that petition on September 18, 2020, and then denied Berman's motion for reconsideration. ECF Nos. 32-17, 32-24.  Berman appealed (*see* ECF No. 32-27 (Appellant's informal brief on appeal)), and the Nevada Court of Appeals affirmed on April 12, 2001. ECF No. 32-31.

Berman initiated this federal habeas corpus action, pro se, on July 19, 2021, by submitting for filing a petition for writ of habeas corpus. ECF No. 1-1.  He filed an amended habeas petition—now his operative petition—on August 11, 2021. ECF No. 6.  I read the amended petition to set forth three grounds for relief:

> Ground 1A:  Berman's conviction violates his federal constitutional rights because his appellate counsel was ineffective for failing to assert the argument that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him.

>Ground 1B:  Berman's conviction violates his federal constitutional rights because his trial counsel was ineffective for failing to assert the argument that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him.
>
>Ground 2:  Berman's conviction violates his federal constitutional rights because Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him.

Amended Petition for Writ of Habeas Corpus (ECF No. 6).

The respondents filed their motion to dismiss on February 24, 2022. ECF No. 35.  In that motion, they argue that Grounds 1B and 2 are unexhausted or procedurally defaulted, and that certain of Berman's claims are not cognizable in this federal habeas corpus action.

Apparently in response to the motion to dismiss, on July 22, 2022 Berman moved to stay this action while he returns to state court to exhaust his unexhausted claims. ECF No. 52.

## III. Discussion

### A. Exhaustion and Procedural Default - General Legal Principles

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine.  "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from

bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17.

**B.     Ground 1A**

In Ground 1A, Berman claims that his conviction violates his federal constitutional rights because his appellate counsel was ineffective for failing to assert, on his direct appeal, the argument that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him. (ECF No. 6 at 2–4.)

Berman asserted such a claim in his second state habeas petition. *See* ECF No. 32-9 at 7. The state district court denied relief on the claim. *See* ECF No. 32-17 at 5–7. Berman appealed, and the Nevada Court of Appeals affirmed the denial of relief on this claim, ruling as follows:

> Berman … claimed appellate counsel should have argued that retroactive application of the sex offender registration requirements contained in A.B. 579 violates the Ex Post Facto Clause. Berman contended he told appellate counsel to argue this claim but appellate counsel failed to argue the claim on direct appeal. Retroactive application of A.B. 579 does not violate the Ex Post Facto Clause. *State v. Eighth Judicial Dist. Court* (*Logan D.*), 129 Nev. 492, 510, 306 P.3d 369, 382 (2013); *see also Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1053 (9th Cir. 2012) (holding A.B. 579 does not violate the Ex Post Facto Clause). Because A.B. 579 does not violate the Ex Post Facto Clause, Berman has failed to demonstrate appellate counsel's performance fell below an objective standard of reasonableness or that this issue would have had a reasonable probability of success on appeal. Therefore, we conclude the district court did not err in denying this claim.

ECF No. 32-31 at 2–3.

This claim of ineffective assistance of appellate counsel in Ground 1A is cognizable in this federal habeas action, is exhausted in state court, and is not procedurally defaulted. I deny the Respondents' motion to dismiss this claim.

### C.    Ground 1B

In Ground 1B, Berman claims that his conviction violates his federal constitutional rights because his trial counsel was ineffective for failing to assert the argument that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him. ECF No. 6 at 2–4.

Berman did not assert such a claim on his direct appeal (*see* ECF No. 31-7); he did not assert such a claim in his December 2, 2019 Motion to Correct an Illegal Sentence (*see* ECF No. 31-21); and he did not assert such a claim in his second state habeas petition (*see* ECF No. 32-9).

Berman did raise claims of ineffective assistance of trial counsel, including a claim similar to the claim in Ground 1B, on the appeal from the denial of his second state habeas petition. *See* ECF No. 32-27. But the Nevada Court of Appeals declined to address the claims of ineffective assistance of trial counsel on the appeal because Berman did not assert those claims in the proceedings below in the state district court:

> … Berman raises claims of ineffective assistance of trial counsel. These claims were not raised in the court below, and we decline to consider them for the first time on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012–13, 103 P.3d 25, 33 (2004).

ECF No. 32-31 at 4.

Therefore, this claim was not exhausted in state court, because the only time Berman asserted the claim in state court—on the appeal in his second state habeas action—he asserted it in a procedural context in which it would not be considered on the merits absent special circumstances. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (1994) ("Submitting a new claim to the

state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.") (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

It is plain that if Berman were to assert this claim in state court now, it would be ruled procedurally barred under Nev. Rev. Stat. §§ 34.726 and 34.810 because the statute of limitations applicable to the claim has expired and because Berman could have, but did not, assert the claim in a prior state habeas petition. Therefore, this claim is exhausted in state court—technically exhausted—but subject to application of the procedural default doctrine. *See Dickens*, 740 F.3d at 1317.

Because this is a claim of ineffective assistance of trial counsel, Berman could possibly overcome the procedural default under *Martinez*. However, because the issue of the procedural default of this claim—the analysis under *Martinez*—is intertwined with the question of the merits of the claim, the procedural default issue will be better addressed after the Respondents file an answer and Berman files a reply to the answer. I therefore deny the Respondents' motion to dismiss this claim, without prejudice to them raising their procedural default defense to the claim in their answer (along with their briefing of the merits of the claim).

### D.    Ground 2

In Ground 2, Berman claims that his conviction violates his federal constitutional rights because Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him. ECF No. 6 at 5–7. He did not assert such a claim on his direct appeal. *See* ECF No. 31-7. But he did assert a claim like this in his motion to correct an illegal sentence. *See* ECF No. 31-21. The state district court, though, ruled the claim waived because Berman had not raised it on his direct appeal, and the court ruled that Berman did not make a showing of cause and prejudice under

state law to overcome that procedural bar. *See* ECF No. 32-7. Berman did not appeal from that ruling.

Berman also asserted a claim like this in his second state habeas petition. *See* ECF No. 32-9 at 8. However, the state district court again ruled the claim procedurally barred because it was not raised on his direct appeal, and again ruled that Berman did not show cause and prejudice to overcome the procedural bar. *See* ECF No. 32-17 at 4–5. On Berman's appeal in his second state habeas action, the Nevada Court of Appeals affirmed. ECF No. 32-31.

This claim, then, is subject to application of the procedural default doctrine. However, in Ground 1A Berman makes a procedurally viable claim that his appellate counsel was ineffective for failing to assert this claim on his direct appeal. Therefore, Berman could possibly overcome the procedural default of this claim by showing cause and prejudice on account of ineffective assistance of his appellate counsel. But here again, because the issue of the procedural default of this claim is intertwined with the question of the merits of the claim and with the question of the merits of the claim in Ground 1A, the question of the procedural default of this claim will be better addressed after the Respondents file an answer and Berman files a reply to the answer. I therefore deny the Respondents' motion to dismiss to Ground 2 without prejudice to them raising their procedural default defense to the claim in their answer (along with their briefing of the merits of the claim).

**E.   Cognizability of Claims**

In their motion to dismiss, the Respondents argue that standalone claims of actual innocence are not cognizable in a federal habeas corpus action. ECF No. 35 at 8.) They argue:

> Berman does not explicitly raise a claim of [actual innocence]; however, he repeatedly argues in his petition that his claims of ineffective assistance of counsel are based on "newly discovered evidence" and mentions the phrase "actual innocence" in passing, suggesting that he may be trying to present a

8

>freestanding claim of actual innocence. *See* ECF No. 6 at 2, 3, 4.  To the extent that Berman is attempting to present such a claim, the claim is noncognizable.

ECF No. 35 at 8.

I do not understand Berman to assert a freestanding claim of actual innocence.  Because Berman does not assert such a claim, I deny this part of the motion to dismiss as unnecessary.

Moreover, Berman does not point to the sort of new evidence that could potentially support a claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Jones v. Taylor*, 763 F.3d 1242, 1246–48 (9th Cir. 2014).  And Berman does not claim that he is factually innocent—that he actually complied with the sex offender registration requirements—but rather he claims that he is legally innocent because the sex offender registration requirements could not be retroactively applied to him.  For purposes of a claim of actual innocence, whether a freestanding claim or a claim made to overcome a procedural default under *Schlup*, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Respondents also argue in their motion to dismiss that a challenge to lifetime supervision of sex offenders is not cognizable in a federal habeas corpus action, citing to *Henry v. Lungren*, 164 F.3d 1240, 1241–42 (9th Cir. 1999). ECF No. 35 at 8.  The issue in *Henry* was whether the requirement that a sex offender register periodically with law enforcement officials amounted to "custody" for purposes of a federal habeas corpus action. *See Henry*, 164 F.3d 1241–42.  That, however, is not an issue raised by the parties in this case.  I see no holding in *Henry* that Berman's claim in Ground 2 (that his conviction for failing to comply with a sex offender registration requirement was unconstitutional because the requirement was applied

retroactively) is not cognizable in a federal habeas corpus action. I deny this part of the Respondents' motion to dismiss as well.

F.      **Berman's Motion for Stay**

In his motion for a stay, Berman states that he has exhausted and unexhausted claims in his amended petition, and he requests that this action be stayed so that he "may return to the state court to exhaust his unexhausted claims and avoid getting his petition for writ of habeas corpus denied." ECF No. 52.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> *   *   *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277–78.

The Respondents argue that Berman has not shown cause for his failure to exhaust Grounds 1B and 2 and that those claims are not potentially meritorious. However, I will deny

10

Berman's motion for stay for a more fundamental reason: all his claims are exhausted in state court, albeit possibly procedurally defaulted. If Berman were to now assert in state court the claims in Grounds 1B and 2, those claims would be ruled procedurally barred under Nev. Rev. Stat. §§ 34.726 and 34.810 because the state-law statute of limitations applicable to the claims has expired and because Berman could have, but did not, assert the claims on direct appeal or in a prior state habeas petition. Berman does not suggest any means by which he could overcome such procedural bars in state court. Therefore, Berman's Claims 1B and 2 are exhausted—technically exhausted—but subject to application of the procedural default doctrine. *See Dickens*, 740 F.3d at 1317. Under these circumstances, I deny Berman's motion for stay.

## IV. Conclusion

**I THEREFORE ORDER** that the Respondents' Motion to Dismiss **(ECF No. 35) is DENIED**.

**I FURTHER ORDER** that Berman's Motion Requesting a Stay **(ECF No. 52) is DENIED**.

**I FURTHER ORDER** that the Respondents will have until **December 2, 2022** to file an answer. In all other respects, the schedule for further proceedings set forth in the order entered August 16, 2021 (ECF No. 8) will remain in effect (Berman will have 60 days to file a reply to the Respondents' answer).

Dated: August 29, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE