# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROBERT BERMAN,

               Petitioner,

v.

CALVIN JOHNSON, *et al.*,

               Respondents.

Case No.: 2:21-cv-01359-APG-BNW

**Order Granting
Motion for Extension of Time for Answer
and
Setting Deadline for Petitioner to File
Notice of Contact Information**

[ECF Nos. 59, 60]

In this habeas corpus action, after a 34-day initial period (*see* ECF No. 55) and a 90-day extension of time (ECF No. 57), the respondents are due to file an answer by March 2, 2023. On February 2, 2023, Respondents filed a motion for extension of time (ECF No. 60), requesting a 75-day extension, to May 16, 2023, for their answer. Respondents' counsel states that this extension of time is necessary because he has been "dealing with a medical issue for several months, which has hampered [his] ability to prepare the Answer to the amended petition," and because he "will be going out on extended medical leave beginning February 6." (ECF No. 60 at 2.) Counsel states further: "While I do not know for certain how long I will be out on leave, it will be a minimum of one month." (*Ibid*.) I find that Respondents' motion for extension of time is made in good faith and not solely for the purpose of delay, and that there is good cause for the requested extension of time, and I will grant Respondents' motion for extension of time. However, given the nature of the amended petition—three closely related, relatively uncomplicated claims—and given that Respondents will have had over six months to file their answer, *I will not look favorably upon any motion to further extend this deadline.*

On January 5, 2023, the Court received from Berman a filing entitled "Judicial Notice" (ECF No. 59), in which he states that he expected to be released from custody on January 4, 2023. And, in fact, information on the website of the Nevada Department of Corrections confirms that Berman was indeed released from custody on January 4. In his January 5 filing, Berman acknowledges Local Rule LR IA 3-1, which requires a party to "immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number," and which states that "[f]ailure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Berman states in the January 5 filing that he "cannot provide at this time any new contact information or forwarding address to this court," and that "upon his release [he] will be homeless until such time [as he] acquires a residence." (ECF No. 59 at 2.) He goes on to state that on February 8, 2023, he will inform the Court of his mailing address and updated contact information. (*Ibid*.) I will set a deadline—well past February 8—for Berman to provide the Court with his mailing address and other contact information. *If Berman does not give notice of his mailing address and other contact information within the time allowed, I will dismiss this case.*

I THEREFORE ORDER that Respondents' Motion for Enlargement of Time **(ECF No. 60) is GRANTED.** Respondents will have until and including **May 16, 2023**, to file their answer.

I FURTHER ORDER that Petitioner will have until and including **March 24, 2023**, to file a notice stating his mailing address and other contact information.

Dated: February 3, 2023

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE