UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BERMAN, | Case No.: 2:21-cv-01359-APG-BNW |
| Petitioner, | **Order Denying Amended Petition** |
| v. | [ECF No. 6] |
| ATTORNEY GENERAL, *et al.*, | |
| Respondents. | |

**I.      Summary**

In this action, Robert Berman petitions for a writ of habeas corpus.  I deny Berman's amended petition and deny Berman a certificate of appealability.

**II.     Background**

On July 31, 2017, a jury in Nevada's Eighth Judicial District Court (Clark County) convicted Berman of prohibited acts by a sex offender, in violation of Nev. Rev. Stat. § 179D.441 (A.B. 579), for failing to timely notify authorities of a change of address; he was sentenced to 19 to 48 months in prison. ECF Nos. 27-34 (amended information); 29-5 (jury verdict); 30-12 (judgment of conviction); 31-15 (Nevada Court of Appeals' order of affirmance).

Berman did not file a notice of appeal to initiate a direct appeal.  He did, however, file a pro se post-conviction petition for writ of habeas corpus in the state district court, arguing that his trial counsel was ineffective for failing to initiate an appeal on his behalf. ECF No. 30-15. The court held an evidentiary hearing and ruled in Berman's favor. ECF No. 30-30.  The court appointed appellate counsel for Berman and granted him an opportunity to pursue a direct appeal, which Berman did with the assistance of counsel. ECF No. 31-7 (opening brief on

appeal). The Nevada Court of Appeals affirmed Berman's conviction on July 17, 2019. ECF No. 31-15.

Berman then filed a motion to correct an illegal sentence. ECF No. 31-21. The state district court denied that motion and subsequently denied a motion for reconsideration. ECF Nos. 32-7, 32-8. Berman did not appeal from those rulings.

On March 26, 2020, Berman filed a second post-conviction petition for writ of habeas corpus. ECF No. 32-9. The state district court denied that petition on September 18, 2020, and then denied a motion for reconsideration. ECF Nos. 32-17, 32-24. Berman appealed. ECF No. 32-27. The Nevada Court of Appeals affirmed on April 12, 2001. ECF No. 32-31.

Berman initiated this federal habeas corpus action on July 19, 2021, by submitting a petition for writ of habeas corpus. ECF No. 1-1. He filed an amended habeas petition—his operative petition—on August 11, 2021. ECF No. 6. Berman's amended petition sets forth three grounds for relief:

> Ground 1A: Berman's conviction violates his federal constitutional rights because his appellate counsel was ineffective for failing to assert the argument that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him.
>
> Ground 1B: Berman's conviction violates his federal constitutional rights because his trial counsel was ineffective for failing to assert the argument that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him.
>
> Ground 2: Berman's conviction violates his federal constitutional rights because Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him.

The respondents filed a motion to dismiss on February 24, 2022, arguing that Grounds 1B and 2 are unexhausted or procedurally defaulted, and that none of Berman's claims are cognizable in this federal habeas action. ECF No. 35. I denied that motion on August 29, 2022, ruling that all Berman's claims are cognizable. ECF No. 55 at 8–10. I ruled that Ground 1A is

exhausted and not procedurally defaulted. *Id*. at 5–6. I ruled that Grounds 1B and 2 are exhausted or technically exhausted but are subject to the procedural default doctrine. *Id*. at 6–8. I determined that the procedural default issues regarding Grounds 1B and 2 are intertwined with the question of the merits of Berman's claims, such that those issues would be better addressed after the parties brief the merits. *Id*. I therefore denied the motion to dismiss without prejudice to the respondents asserting their procedural default defenses in their answer, along with their briefing of the merits.

Apparently in response to the motion to dismiss, Berman filed a motion on July 22, 2022, requesting that this action be stayed while he returns to state court to exhaust his unexhausted claims. ECF No. 52. I denied that motion because Berman did not suggest any means by which he could overcome the procedural bars of his claims in state court. ECF No. 55 at 10–11.

The respondents filed their answer on May 16, 2023. ECF No. 66. After a 60-day initial period, and extensions of 119 days, 15 days, and 84 days, Berman's reply was due on February 20, 2024, but he did not file a reply. ECF Nos. 8, 68, 70 and 75.

## III.  Discussion

### A.  Standard of Review - Claims Adjudicated in State Court

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth the standard of review generally applicable to claims asserted and resolved on their merits in state court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d)(1) "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409). The analysis under § 2254(d) looks to the law that was clearly established by precedent of the Supreme Court of the United States at the time of the state court's decision. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102 (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, 563

U.S. 170, 181 (2011) (AEDPA standard is "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

### B. Ineffective Assistance of Counsel – Legal Standards

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test for claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.  A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id*. at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.

Where a state court previously adjudicated a claim of ineffective assistance of counsel under *Strickland*, establishing that the decision was unreasonable is especially difficult. *See Harrington*, 562 U.S. at 104–05.  In *Harrington*, the Supreme Court explained that, in such cases, "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential … and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (2010) (double deference required with respect to state court adjudications of *Strickland* claims).

/ / / /

## C. Exhaustion and Procedural Default - Legal Standards

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

It may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

A state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner

demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Regarding the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. The *Martinez* Court stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17.

**D.  Ground 1A**

In Ground 1A, Berman claims that his conviction violates his federal constitutional rights because his appellate counsel was ineffective for failing to argue on his direct appeal that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him. (ECF No. 6 at 2–4.) Berman asserted such a claim in his second state habeas petition. ECF No. 32-9 at 7. The state

district court denied relief on the claim. ECF No. 32-17 at 5–7. Berman appealed, and the Nevada Court of Appeals affirmed, ruling as follows:

> Berman … claimed appellate counsel should have argued that retroactive application of the sex offender registration requirements contained in A.B. 579 violates the Ex Post Facto Clause. Berman contended he told appellate counsel to argue this claim but appellate counsel failed to argue the claim on direct appeal. Retroactive application of A.B. 579 does not violate the Ex Post Facto Clause. *State v. Eighth Judicial Dist. Court* (*Logan D.*), 129 Nev. 492, 510, 306 P.3d 369, 382 (2013); *see also Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1053 (9th Cir. 2012) (holding A.B. 579 does not violate the Ex Post Facto Clause). Because A.B. 579 does not violate the Ex Post Facto Clause, Berman has failed to demonstrate appellate counsel's performance fell below an objective standard of reasonableness or that this issue would have had a reasonable probability of success on appeal. Therefore, we conclude the district court did not err in denying this claim.

ECF No. 32-31 at 2–3.

The Nevada Court of Appeals' ruling was reasonable. Berman's contention—central to all his claims—that the registration requirements of Nev. Rev. Stat. § 179D.441 could not constitutionally be retroactively applied to him, is foreclosed by both federal and state precedent. *See ACLU v. Cortez Masto*, 670 F.3d 1046, 1052–58 (9th Cir. 2012); *State v. Eighth Judicial Dist. Court* (*Logan D.*), 129 Nev. 492, 510–20, 306 P.3d 369, 382–88 (2013). Because it is well established that retroactive application of Nev. Rev. Stat. § 179D.441 is not unconstitutional, Berman's appellate counsel did not perform unreasonably by not asserting such a claim, and Berman was not prejudiced. The Nevada Court of Appeals' ruling was not contrary to, or an unreasonable application of, *Strickland* or any other clearly established federal law, so I deny habeas corpus relief on the claim in Ground 1A.

/ / / /

/ / / /

/ / / /

### E. Ground 1B

In Ground 1B, Berman claims that his conviction violates his federal constitutional rights because his trial counsel was ineffective for failing to argue that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him. ECF No. 6 at 2–4. Berman asserted a similar claim of ineffective assistance of trial counsel on the appeal from the denial of his second state habeas petition. *See* ECF No. 32-27. However, the Nevada Court of Appeals declined to address the claim:

> Berman raises claims of ineffective assistance of trial counsel. These claims were not raised in the court below, and we decline to consider them for the first time on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012–13, 103 P.3d 25, 33 (2004).

ECF No. 32-31 at 4.

Therefore, when Berman asserted this claim in state court, it was ruled procedurally barred. Furthermore, if Berman were to assert this claim in state court now, it would be ruled procedurally barred under Nev. Rev. Stat. §§ 34.726 and 34.810, because the state-law statute of limitations applicable to the claim has expired and because Berman could have, but did not, assert the claim in a prior state habeas petition. The claim is therefore subject to application of the procedural default doctrine in this federal habeas action. *See Dickens*, 740 F.3d at 1317.

Because Ground 1B is a claim of ineffective assistance of trial counsel, Berman could argue that he can overcome the procedural default under *Martinez*. However, the claim is insubstantial because both federal and state precedent holds that retroactive application of the sex offender registration requirements of Nev. Rev. Stat. § 179D.441 is not unconstitutional. *See ACLU v. Cortez Masto*, *supra*; *State v. Eighth Judicial Dist. Court* (*Logan D.*), *supra*. Thus, it was not unreasonable for Berman's trial counsel to not make such an argument, and Berman was

9

not prejudiced. Berman makes no showing under *Martinez* or otherwise to overcome the procedural default. I therefore deny Berman's claim in Ground 1B as procedurally defaulted.

### F. Ground 2

In Ground 2, Berman claims that his conviction violates his federal constitutional rights because Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him. ECF No. 6 at 5–7. This is the substantive claim underlying the ineffective assistance of counsel claims in Grounds 1A and 1B. Berman did not assert such a claim on his direct appeal. *See* ECF No. 31-7. He did assert a similar claim in his motion to correct illegal sentence. ECF No. 31-21. The state district court ruled that the claim was waived because Berman did not raise it on his direct appeal and that Berman did not make a showing of cause and prejudice to overcome the procedural bar. ECF No. 32-7. Berman did not appeal that ruling.

Berman also asserted a similar claim in his second state habeas petition. ECF No. 32-9 at 8. The state district court again ruled the claim procedurally barred because it was not raised on direct appeal and again ruled that Berman did not show cause and prejudice. ECF No. 32-17 at 4–5. The Nevada Court of Appeals affirmed that ruling. ECF No. 32-31.

Ground 2 is therefore subject to application of the procedural default doctrine. Berman asserts in Ground 1A that his appellate counsel was ineffective for failing to raise this claim on his direct appeal, and he could possibly argue that the alleged ineffectiveness of his appellate counsel was cause for the procedural default of the claim in Ground 2. But the ineffective assistance of counsel claim in Ground 1A fails, as discussed above. Berman's appellate counsel was not ineffective for not arguing that Nev. Rev. Stat. § 179D.441 could not legally be applied retroactively to him, and Berman was not prejudiced. Therefore, Berman does not overcome the procedural default, so I deny the claim in Ground 2 as procedurally defaulted.

### G. Certificate of Appealability

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000). Applying this standard, reasonable jurists would not find my rulings in this order to be debatable, so I deny Berman a certificate of appealability.

Despite my denial of a certificate of appealability, Berman may pursue an appeal by filing a timely notice of appeal in this action; if he does so, the Ninth Circuit Court of Appeals will determine whether a certificate of appealability will be issued by that court.

## IV. Conclusion

I THEREFORE ORDER that Petitioner's Amended Petition for Writ of Habeas Corpus **(ECF No. 6) is DENIED**.

I FURTHER ORDER that Petitioner is **DENIED** a certificate of appealability.

I FURTHER ORDER the Clerk of the Court to enter judgment accordingly.

Dated: June 4, 2024

                                                           ANDREW P. GORDON
                                                           UNITED STATES DISTRICT JUDGE